# NELSON BUCK
## *v.*
## SARAH BEEKLY *et al.*

1. NON-RESIDENTS — *practice* — *vacating decree.* Where non-resident defendants seek to avail themselves of the provisions of the fifteenth section of the Chancery Code, by filing a petition to be allowed to answer, it would be technical error to vacate the original decree.

2. That section seems to contemplate only the filing of an answer, if the petition so to do is allowed, the decree remaining in full force.

3. USURY — *evidence of.* Where the creditor is dead, the debtor is an incompetent witness to prove usury.

4. DAMAGES — *assessment of on dissolution of injunction.* The statute of 1861 expressly authorizes the assessment of damages on the dissolution of an injunction and dismissing the bill.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES R. STARR, Judge, presiding.

This was a bill in chancery filed in the Livingston county Circuit Court, by Nelson Buck, against Sarah Beekly and Cyrus Burhans. The bill alleges that on the 28th of May, 1856, the complainant executed five promissory notes for the sum of $293.20 each, payable in five years with interest, to one Stephen C. Lusk, or order; and to secure said notes gave a mortgage with power of sale; that on the 18th of February, 1857, the notes and mortgage were assigned by Lusk, to one William Beekly, who had full knowledge of the usurious transaction between Buck and Lusk, before the assignment; that

Beekly has since died, leaving the defendants as his executrix and executor under his will; alleges that the defendants have advertised the mortgaged premises for sale; charges that the mortgage and transfer are void, and that the sale ought not to proceed, for that in May, 1856, the complainant, being greatly oppressed for want of means, applied to Lusk, to borrow from him the sum of $1,466, upon the notes and the security mentioned, and that the complainant and Lusk, unlawfully, usuriously, and corruptly agreed, by and between themselves, that said Lusk should discount the said notes at the rate of twenty-one per cent compound interest per annum, and advanced the complainant thereon $620, and no more, which was the whole and sole consideration for said notes; avers the complainant's willingness and offer to pay the said sum of $620, with lawful interest, and that Lusk and Beekly respectively declined to receive the same. The bill charges that in addition to the usurious interest aforesaid, the said Lusk and the defendants are trying to compel the complainant to pay ten per cent on the whole amount of said notes from maturity.

Bill prays for an injunction enjoining a sale of the mortgaged premises and any further action under the mortgage until a further order of court. Prays for relief, etc., in the premises.

Upon this bill an injunction was ordered by the master. The defendants being non-residents, they were brought into court by advertisement.

Decree *pro confesso* entered at the March Term, A. D. 1864.

The defendants gave notice to the complainant that they would apply at the January Special Term, A. D. 1867, to set aside the decree, and for leave to answer the bill. Upon petition, the decree was vacated at said term, and leave given the defendants to answer.

The defendants in their answer admit the execution of the notes and mortgage, but deny that Beekly had any notice of the equities of Buck, or of any usury in the original transaction between Buck and Lusk; admit death of Beekly, and that they are executrix and executor of his estate, and as such the notes and mortgage came into their hands; deny that they are

making or have made publication of notice of sale under said mortgage; deny usury; allege ignorance of any fraud concerning said transaction; deny that Buck has made any offers to liquidate said indebtedness, or any part thereof.

The complainant filed a replication.

On the hearing, the complainant offered to testify as to the usury, which, being objected to by the defendants, the court sustained the objection. There being no other evidence the injunction was dissolved and the bill dismissed.

The defendants thereupon filed their suggestion of damages, for solicitors' fees, $150, which were allowed.

The complainant brings the case to this court by appeal.

Mr. John M. Barrett, for the appellant.

Messrs. Dickey & Rice, for the appellees.

Mr. Chief Justice Breese delivered the opinion of the Court:

No error is perceived in this record sufficient to reverse the judgment. It was a technical error to vacate the original decree, as this court held in the case of *Baker* v. *Admr. of Backus*, 32 Ill. 79, but it has worked no injury, as, on the hearing, after the coming in of the answer of the defendants, the decree was set aside, and the bill dismissed on the merits.

The fifteenth section of the Chancery Code seems to contemplate only the filing an answer, if the petition so to do is allowed, the decree remaining in full force.

The objection, that the petition was heard, and leave to answer was given at a Special Term of the court, is of no force, inasmuch as it appears, it was heard at a term convened for the transaction of business generally, which is allowable, notwithstanding the power given to the judge to order a special chancery term.

The court properly rejected the testimony of defendant to prove usury, as the creditor was not then alive. The statute expressly provides, to justify the testimony of the debtor, the creditor must be living, by which we understand the party who

participated in the usury, which was not the position of the defendants in the injunction.

They were the representatives of the assignee of the original payee of the note, and were not such creditors as contemplated by the statute.

Upon the point of assessing damages on the dissolution of the injunction and dismissing the bill, we perceive no error. The act of 1861 expressly authorizes this mode of proceeding. Laws of 1861, p. 133. Perceiving no error in the record the decree must be affirmed.

*Decree affirmed.*